UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

CIVIL ACTION NO. 4:11-CV-00068-JHM

STEVE COLDREN                                                                PLAINTIFFS

and

JAYE H. COLDREN, on behalf of the
Steven M. Coldren Irrevocable Trust,

V.

AMERICAN GENERAL LIFE                                                        DEFENDANTS
INSURANCE COMPANY

and

LAWRENCE A. RASCHE

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant American General Life Insurance's motion to transfer this action pursuant to 28 U.S.C. 1406(a) [DN 10] and Plaintiffs Steve Coldren and Jaye Coldren's Rule 42 motion to consolidate actions [DN 20]. Fully briefed, these matters are ripe for decision. For the following reasons, the Court **GRANTS** the Defendant's motion to transfer and **DENIES** Plaintiffs' motion to consolidate as moot.

### I. BACKGROUND

Plaintiffs Steve Coldren and his wife, Jaye H. Coldren, residents of Boca Raton, Florida, filed this action against American General Life Insurance Company and Lawrence Rasche alleging various claims in connection with the sale of a life insurance policy. Lawrence Rasche, a resident of Evansville, Indiana, sold the Plaintiffs a premium financed life insurance policy through American General Life Insurance Company ("American General"), which is licensed to transact life

insurance business in 48 states, including Florida, Indiana and Kentucky. The premiums for the life insurance policy were paid through financing Rasche obtained for the Plaintiffs from Old National Bank of Evansville, Indiana ("Old National"). Old National paid the premiums for the first two years but then was, apparently, no longer willing to finance Plaintiffs. Rasche was unable to find alternative financing for the premiums on Plaintiffs' policy and the policy lapsed. Old National has now called upon Plaintiffs to pay the principal and accumulated interest on the loan.

The issue currently before the Court concerns the proper venue for this action. American General argues that the Western District of Kentucky is not the proper venue for this action. American General states that "[a]ll of the material transactions in this case took place in Indiana or Florida" and "this lawsuit lacks a substantial connection to Kentucky." (Def.'s Mot. to Transfer, 2 [DN 10].) Plaintiffs ask that the motion to transfer be denied because: (1) there are significant contacts in Kentucky, which include several witnesses they intend to call who reside in the Western District of Kentucky; (2) this district is the most convenient for accessing evidence; (3) this district is the locus of the operative facts; and (4) this district is already familiar with the legal and factual issues involved. (Pls.' Memo in Opposition to Mot. to Transfer [DN 17].) Additionally, Plaintiffs move the Court to consolidate this action with Warren C. Helton, et. al. v American General Life Insurance Company, et. al, No. 4:09-cv-118, which is currently pending in this Court. (Pls.' Rule 42 Mot. to Consolidate Actions, [DN 20].)

## II. DISCUSSION

The general civil venue statute provides that a civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is subject of the action is situated; or (3) if there is

2

> no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b) (2006). Pursuant to 28 U.S.C. § 1391(c)**,** a person resides in the judicial district where he or she is domiciled and a defendant entity resides in "any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question."

First, under section 1391(b)(1), a civil claim may be brought in a district in which any defendant resides as long as all "defendants are residents of the State in which the district is located." Under the definition of 1391(c), American General is arguably a resident of the Western District of Kentucky since it is licensed to transact life insurance business in the states and is subject to personal jurisdiction in Kentucky. 28 U.S.C. § 1391(c). However, even assuming that American General is a resident of Kentucky, not all defendants are residents of Kentucky as required by §1391(b)(1). Rasche resides in Indiana. Therefore, venue is not proper in Western District of Kentucky under §1391(b)(1).

The second section of 1391(b) states that a civil action may be brought in a district where "a substantial part of the events or omissions giving rise to the claim occurred[.]" 28 U.S.C. § 1391(b)(2). The Complaint only mentions Kentucky by pointing out that American General is licensed to transact life insurance business in the state and that Rasche opened an office in Owensboro. Rasche has an office in Evansville, Indiana and he opened another office in Owensboro in 2007. (Pl.s' Memo in Opposition, 3 [DN 17].) According to the affidavit of Rasche's partner in the Owensboro office, there was a sale of a life insurance policy to a Florida resident. (John L. Worth Aff. [DN 17-2].) However, Mr. Worth could not recall the name of the purchaser. Thus, Plaintiff offers nothing other than pure speculation which would indicate that the sale of the policy

to the Plaintiffs originated from the Owensboro office. While the Plaintiff has shown that Rasche has connections with the Western District of Kentucky, those connections have not been shown to be related to Plaintiff's claim. Therefore, Plaintiffs have failed to show that any part, much less a substantial part, of the actions giving rise to the claim occurred in the Western District of Kentucky. Thus, venue is not proper here under § 1391(b)(2).

Finally, the third provision, section 1391(b)(3), only needs to be addressed if "there is no district in which an action may otherwise be brought[.]" 28 U.S.C. § 1391(b)(3). Both defendants reside in Indiana, and Rasche resides in the Southern District. Therefore, the Southern District of Indiana is an appropriate venue for this action. Further analysis under this section is not proper.

Based on the foregoing, the Court finds that venue of this action is not proper in the Western District of Kentucky. If an action is filed in a district that is improper, the district court, at its discretion, may dismiss the action or transfer it to any district "in which it could have been brought." 28 U.S.C. § 1406(a); see Martin v. Stokes, 623 F.2d 469 (6th Cir. 1980). American General has asked the Court to transfer the action to the Southern District of Indiana pursuant to 28 U.S.C. § 1406(a), instead of dismissing it.

The Plaintiffs entire response centered on an argument that the Western District of Kentucky is the most convenient venue using a 28 U.S.C. § 1404(a) analysis. Plaintiffs completely failed to address first whether venue was proper under section 1391(b). Perhaps if venue were proper both in the Western District of Kentucky and the Southern District of Indiana, a discussion of which forum was more convenient would be appropriate. However, that is not the case. Thus, convenience is not a factor to be considered.

Accordingly, this action shall be transferred to the Southern District of Indiana where venue

is proper pursuant to section 1406(a).

### III. CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that American General's motion to transfer the action pursuant to 28 U.S.C. § 1406(a) [DN 10] is **GRANTED** and Plaintiffs' Rule 42 motion to consolidate actions [DN 20] is **DENIED** as moot**.**

cc: counsel of record